## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KIRSHA BROWN, <br><br> Plaintiff, <br><br> vs. <br><br> SOUTHERN NEVADA CENTER FOR INDEPENDENT LIVING, <br><br> Defendants. | Case No. 2:10-cv-00775-JCM-PAL <br><br> **REPORT OF FINDINGS AND RECOMMENDATION** |

Plaintiff Kirsha Brown is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1) on May 6, 2010. This proceeding was referred to this court by Local Rule IB 1-9.

**I.** *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

/ / /

deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff filed her complaint on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). "The purpose of § 1983 is to deter *state actors* from using the badge of their authority to deprive individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (emphasis added) (*citing Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

Plaintiff's Complaint does not state a federal claim. Plaintiff simply alleges that Defendant "conspired to commit fraud" by referring her to a "corporate scam artist," who attempted to steal her SSI funds. Plaintiff requests $1 million dollars in damages. Moreover, 18 U.S.C. § 1915(d) gives the court the power to dismiss "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). The court finds Plaintiff's claim that Defendant conspired to commit fraud and refer her to a corporate scam

artist fantastic and delusional especially in light of the fact that Plaintiff's Application to Proceed *In Forma Pauperis* provides that she still receives her Social Security benefits.  Plaintiff provides no facts to support any cognizable claim pursuant to 42 USC § 1983, and it will be recommended that it be dismissed.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED.

Dated this 3rd day of June, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE